# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TROY BAGBY PRESSLEY,** | : | |
| Plaintiff, | : | Civil Action No. |
| v. | : | |
| | : | 10-CV-3270 |
| **REGINALD FORREST, et al.,** | : | |
| Defendants. | : | |

## MEMORANDUM

**Jones, J. II**  October 8, 2013

Pending before the court is a motion for summary judgment filed by defendants Reginald Forrest (police officer), Charles H. Ramsey (police commissioner), and the City of Philadelphia. (Doc. No. 12.) Defendants move for summary judgment on the following grounds: 1.) the City of Philadelphia is not liable under §1983 because plaintiff has failed to establish a policy or custom pursuant to the Supreme Court decision in *Monell*, 2.) the City of Philadelphia is immune from tort liability under the Political Subdivision Tort Claims Act, 3.) Charles Ramsey is not liable under §1983 because he was not personally involved in the alleged tortious activities, and 4.) plaintiff has failed to provide factual support of emotional distress, a required element of an intentional infliction of emotional distress (IIED) claim. (Doc. No. 12.) Furthermore, defendants request that the court grant summary judgment and dismiss plaintiff's complaint in its entirety for failure to prosecute. (Doc. No. 12.) In response, plaintiff concedes that summary judgment should be granted on the claims against the City of Philadelphia and defendant Ramsey but argues that he may recover damages for emotional distress under the "impact rule" even without expert testimony as to damages. (Doc. No. 13.) Plaintiff also denies that he has failed to prosecute his case. (Doc. No. 13.) In light of the following discussion, the court will **GRANT** the motion **IN PART AND DENY IN**

**PART**.

## BACKGROUND

On July 7, 2008, police officer Reginald Forrest, while on duty, stopped for a traffic violation he witnessed at 2100 Norris Street. (Doc. No. 12, at 12.) When officer Forrest exited his squad car to approach plaintiff's vehicle, plaintiff drove away, and officer Forrest pursued him. (Doc. No. 12, at 12.) During the ensuing car chase, officer Forrest observed plaintiff tossing small bags from the car, which were later determined to contain marijuana and crack cocaine. (Doc. No. 12, at 12.) The pursuit ended near 26th and Bailey streets when plaintiff claims that he exited his car, raised his hands, and verbally indicated that he was surrendering. (Doc. No. 13, at 11.) Plaintiff claims that Officer Forrest then shot him despite his clear intention to surrender. (Doc. No. 13, at 11-12.) Defendant Forrest on the other hand claims that plaintiff got out of his car and fled down an alley. (Doc. No. 12, at 15.) Officer Forrest explains that he pursued plaintiff and only fired his service weapon when plaintiff "reach[ed] in the small of his back for a black object that appeared to be a gun." (Doc. No. 12, at 15.)

Plaintiff filed the present lawsuit on July 6, 2010, alleging §1983 claims under the Fourth and Fourteenth Amendments, state law assault and battery claims, and an IIED claim against defendants Reginald Forrest, Charles H. Ramsey, and the City of Philadelphia. (Doc. No. 1.) On March 5, 2013, defendants filed a motion for summary judgment and the parties subsequently briefed the motion. As such, it is now ripe for disposition.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). To defeat a motion for summary judgment, disputes must be both (1) material, meaning concerning facts that will affect the outcome of the issue under substantive law; and (2) genuine, meaning the evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. An issue is genuine if the fact finder could reasonably return a verdict in favor of the nonmoving party with respect to that issue. *Anderson*, 477 U.S. at 249. In reviewing a motion for summary judgment, the court does not make credibility determinations and "must view facts and inferences in the light most favorable to the party opposing the motion." *Siegel Transfer, Inc. v. Carrier Express, Inc.*, 54 F.3d 1125, 1127 (3d Cir. 1995).

## DISCUSSION

**I.) Intentional Infliction of Emotion Distress**

Defendants first move for summary judgment on the ground that plaintiff has failed to provide expert medical evidence of emotional distress, a required element of an IIED claim. (Doc. No. 12.) In response, plaintiff contends that the "impact rule" removes the requirement of showing damages by expert testimony so long as the allegedly tortious activity that caused the emotional distress also caused some kind of physical injury. (Doc. No. 13.) In support, plaintiff points to several exhibits which indicate that plaintiff was shot twice in the lower part of his left leg and

therefore suffered a physical as well as emotional injury. (Doc. No. 13, at 29.)

To prove an intentional infliction of emotional distress claim under Pennsylvania law, the plaintiff must establish that the defendant intentionally or recklessly engaged in extreme and outrageous conduct and that this conduct caused plaintiff severe emotional distress. *Hoy v. Angelone*, 691 A.2d 476, 610 (Pa.Super.Ct. 1996). In addition, the plaintiff must show some physical injury or harm. *Robinson v. May Department Stores Co.*, 246 F.Supp.2d 440, 444 (E.D.Pa. 2003). This does not mean that the plaintiff must have suffered a contemporaneous physical injury because of defendant's conduct; rather it requires a physical manifestation of plaintiff's emotional distress. *Fulton v. U.S.*, 198 F.App'x 210, 215 (3d Cir. 2006) (explaining that Pennsylvania law requires manifestation of distress); *Reeves v. Middletown Athletic Ass'n*, 866 A.2d 1115, 1122-23 (Pa.Super.Ct. 2004) ("In addition, a plaintiff must suffer some type of resulting physical harm due to the defendant's outrageous conduct."). Finally, at the summary judgment stage, the party alleging IIED must present expert medical evidence of emotional distress. *Robinson*, 246 F.Supp.2d at 444 (granting summary judgment because plaintiff failed to produce medical evidence of emotional distress); *DeBellis v. Kulp*, 166 F.Supp.2d 255, 281 (E.D.Pa. 2001) ("To recover for intentional infliction of emotional distress in Pennsylvania, a plaintiff must support the claim of emotional distress with competent medical evidence, in the form of expert medical evidence.").

Plaintiff's "impact rule" argument appears to confuse the boundary between intentional infliction of emotional distress claims and negligent infliction of emotional distress (NEID) claims. With regard to NIED claims, the Pennsylvania Supreme Court has limited liability through several gatekeeping requirements commonly known as the impact rule, the zone of danger rule, and the

4

relative witness rule.[1] *Kazatsky v. King David Memorial Park, Inc.*, 527 A.2d 988, 991-93 (Pa. 1987); *see also Spencer ex rel. Estate of Tate v. Eckman*, 04-CV-4974, 2005 WL 711511, *3 (E.D.Pa. March 28, 2005) (enumerating gatekeeping requirements for NIED). These rules were created because of the perception that medical science would have difficulty proving causation, that parties would make "fraudulent or exaggerated claims," and that recognizing an NIED claim without bright-line limits would "precipitate a flood of litigation." *Kazatsky*, 527 A.2d at 992. The impact rule, therefore, "bar[s] recovery from emotional distress unless it [is] accompanied by a physical injury or impact upon the complaining party." *Id.* at 991-92. These gatekeeping requirements, however, do not apply to IIED claims. *Eckman*, 2005 WL 711511, *3; *Hackett v. United Airlines*, 528 A.2d 971, 974 (Pa. 1987) ("The impact rule, and its modifications, only apply to negligence actions."); *but see Kazatsky*, 527 A.2d 988 (discussing §46 of the Restatement (Second) of Torts, a separate but similar claim to Pennsylvania's common law IIED claim, and declining to distinguish between intentional and negligent torts in discussion of gatekeeping requirements).

In light of these principles, the requirement of a contemporaneous "impact," as required by the impact rule, serves a different purpose than the production of medical evidence and is not a substitute for that evidence. Plaintiff has failed to produce or point to any expert medical evidence probative of the existence of emotional distress or its physical manifestation. As noted above, summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Injury, i.e. emotional

---

[1] The fourth gatekeeping alternative allows recovery for NIED when a defendant has a contractual or fiduciary duty vis-a-vis the plaintiff.

distress, is an essential element of an IIED claim, and plaintiff has failed to support the existence of this element with competent evidence. As such, the court will **GRANT SUMMARY JUDGMENT** on plaintiff's IIED claim.

## II. Failure to Prosecute

Defendants next move for summary judgment on the ground that plaintiff has failed to prosecute his case. More specifically, defendants argue that plaintiff "failed to appear for [his] deposition and made no efforts to contact counsel for defendants to reschedule or discuss the issue in any manner." (Doc. No. 12, at 10.) Plaintiff argues that defendants' requested relief of outright dismissal is absurd and argues that it was defendants own dilatory tactics that prevented the parties from reaching an agreement on a deposition date. (Doc. No. 13.) Plaintiff points out that defendants never once requested discovery until two days before the discovery deadline on January 30, 2013, and that plaintiff simply could not schedule a deposition before the discovery deadline because he was in trial all week.

The Federal Rules of Civil Procedure provide, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed.R.Civ.P. 41(b). The decision whether to dismiss a case for failure to prosecute is governed by the following factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense. *Stover v. Eckenrode*, 04-CV-6079, 2005 WL 3433906, *3 (E.D.Pa. Dec. 31, 2005) (Third Circuit requires analysis of Poulis factors before dismissing for failure

6

to prosecute).[2]

Of course, "the Poulis analysis is not a mechanical calculation to determine whether to dismiss a case." *Id*. Courts should balance the Poulis factors, but no single factor is determinative, nor do they necessarily hold equal weight. *Adonai-Adoni v. King*, 07-CV-3689, 2012 WL 3535922, *2 (E.D.Pa. June 7, 2012). Finally, "not all the factors need be met for a district court to find dismissal is warranted." *Adeqbuji v. Middlesex County*, 347 F.App'x 877, 881 (3d Cir. 2009) ("[W]e have never required complete satisfaction of each Poulis factor in order to justify the sanction of dismissal.").

The sanction of dismissal has occasionally been used to remedy a party's failure to engage in fact discovery. *Swain v. City of Philadelphia*, 98-CV-4247, 1999 WL 236738, *2 (E.D.Pa. Aug. 21, 1999) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 34 (1991) ("a court also has the inherent power to dismiss a case that cannot be disposed of expeditiously because of the willful inaction or dilatoriousness of a party")). It is, however, a drastic remedy that should be used sparingly and only for the most egregious violations of the federal rules and recalcitrant refusal to participate in discovery. *Williams v. Forte*, 270 F.App'x 221, 223-24 (3d Cir. 2008) (explaining that dismissal is drastic remedy). The Third Circuit has cautioned, "the harsher the sanction being imposed, the more the balance will have to be against the party being sanctioned to justify the sanction." *Green v. Associates Commercial Corp.*, 01-CV-1270, 2003 WL 21663245, *1 (E.D.Pa. Feb. 5, 2003) (quoting *Estate of Spear v. C.I.R.*, 41 F.3d 103, 111 (3d Cir. 1984)) Those instances in which the courts have dismissed cases for failure to prosecute on the grounds that a party failed to engage in discovery

---

[2]Defendants suggests that the Poulis factors do not apply here because plaintiff's conduct has made adjudication of the case impossible. (Doc. No. 12, at 10.) The court disagrees that plaintiff's conduct has made adjudication impossible and, therefore, will utilize the Poulis test.

indicate that this remedy is usually only imposed when there has been a serious or continuous failure to engage in discovery or where the failure to engage in discovery is compounded by other misconduct. *Swain v. City of Philadelphia*, 1999 WL 236738, *3 ("Defendant is not complaining about an isolated breach. Plaintiff has been totally recalcitrant in honoring his discovery obligations and in responding to defense counsel's communications regarding that recalcitrance."); *Bailey v. Secretary Veterans Admin.*, --- F.App'x ----, 2013 WL 4472576, *1 (3d Cir. 2013) (party twice failed to respond to discovery requests, twice failed to appear to deposition, and failed to respond to the motion to dismiss for failure to prosecute); *Hammer v. Cardio Medical Products, Inc.*, 230 F.App'x 201 (3d Cir. 2007) (affirming dismissal of case in which party failed to comply with several court orders to appear for depositions). The court will now consider the Poulis factors in light of the foregoing background.

As for the first factor, the extent of plaintiff's responsibility, the record indicates that the court issued a case management order on December 22, 2010, giving the parties until April 29, 2011, to complete discovery. (Doc. No. 7.) On April 26, 2011, the parties filed a Motion for an Extension of Time to Complete Discovery, and the court placed this case on the suspense docket due to plaintiff's incarceration and consequential inability to prosecute his case. (Doc. No. 10.) On October 4, 2012, the case was removed from the suspense docket when plaintiff was released from prison, and the court set a new discovery deadline of February 1, 2013. (Doc. No. 11.) Nonetheless, despite having nearly four months to schedule depositions, defendants waited until January 30, less than two days before the discovery deadline to schedule plaintiff's deposition. (Doc. No. 13, at 37.) Plaintiff's counsel explains that he was to appear in trial on the requested deposition date, February 1, and therefore was unable to schedule the deposition on that day. (Doc. No. 13, at 8.) Under these

8

circumstances, it can hardly be said that plaintiff is responsible for this scheduling conflict.

As for the second, third, and fourth factors, it does not appear from the record that there has been any willful misconduct or bad faith on the part of either party. Furthermore, the court will order the parties to meet and confer in good faith as to an appropriate date to conduct plaintiff's deposition. Therefore, defendants should not be prejudiced by the parties' inability to accommodate plaintiff's deposition before the discovery deadline.

As to the meritoriousness of other sanctions, the court simply does not believe that any sanctions are appropriate in this case. Defendants have failed to convince the court of any misconduct on plaintiff's part. Instead, this dispute appears to boil down to a scheduling conflict over a deposition, albeit one that occurred precariously close to the discovery deadline. Nonetheless, if the court was inclined to impose a sanction, there would certainly be less draconian sanctions than an outright dismissal, something the Third Circuit has cautioned the courts not to impose lightly.

Finally, as to the meritoriousness of the claim or defense, a cursory review of the complaint indicates that plaintiff's claims have some merit. *See Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 869-70 (3d Cir. 1984) ("In considering whether a claim or defense appears to be meritorious for this inquiry, we do not purport to use summary judgment standards. A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial would support recovery. . ."). Looking at this case going forward, the court notes that several of plaintiff's claims have survived thus far, and, given that defendants have not moved for dismissal of plaintiff's assault and battery cases, these claims will proceed to trial barring some interim resolution. Therefore, the sixth factor of the Poulis test weighs against dismissal.

In light of the court's consideration of the Poulis factors and the strong presumption that a

case should be determined on its merits, *Williams v. Forte*, 270 F.App'x 221, 225 (3d Cir. 2008), the court will **DENY SUMMARY JUDGMENT** on the ground that plaintiff failed to prosecute his case.

## **CONCLUSION**

In light of the foregoing, the court will **GRANT THE MOTION IN PART AND DENY IN PART**. Defendants' motion for summary judgment on the IIED claim will be **GRANTED** for failure to produce expert witness evidence of damages. Defendants' motion for summary judgment on all other claims for plaintiff's alleged failure to prosecute will be **DENIED**.

**BY THE COURT:**

**/s/ C. Darnell Jones, II  J.**
**C. DARNELL JONES, II  J.**